UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  Scott A. Morton
Patricia C. Morton                                    Case No.  13-34743
14002 Fiddlers Ridge Road                        Chapter 13
Midlothian, VA 23112                              Trustee: Suzanne E. Wade
Last four digits of SSN: xxx-xx-1424
Last four digits of Joint SSN:  xxx-xx-8166

### MOTION FOR MORTGAGE LOAN MODIFICATION
### BY CHAPTER 13 DEBTOR AFTER CONFIRMATION

COMES NOW the Debtors, Scott A. Morton & Patricia C. Morton, by counsel and respectfully

makes Motion for Authority to enter into a mortgage loan modification after confirmation pursuant to 11

U.S.C. §§ 364(a) and 1304(b), Federal Rules of Bankruptcy Procedure 4001(c) and 9014, and Local Rule

6004-4.  In support of his motion the Debtor states as follows:

1.  Scott A. Morton & Patricia C. Morton (the "Debtors") commenced this case on September  2,

2013 by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States

Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia,

Richmond Division.

1.  The Debtor's Chapter 13 plan has been confirmed.

2.  The Debtors owns the real estate situated in Chesterfield, Virginia known as 14002 Fiddlers

Ridge Road, Midlothian, VA 23112 (the "Real Property") by way of Deed.  The legal

description of the Real Property is as follows:

> ALL that certain lot, piece or parcel of land with all improvements thereon and
> appurtenances thereto, lying and being in Clover Hill District, Chesterfield County,
> Virginia, and designated as Lot 1, Fiddlers Ridge, as shown on plat of subdivision
> entitled "Fiddlers Ridge", made by J.K. Timmons and Associates, P.C., Engineers and
> Surveyors, dated August 7, 1985, recorded September 30, 1985, in the Clerk's Office,
> Circuit Court, Chesterfield County, Virginia, in Plat Book 51, pages 3 and 4, to which
> plat reference is hereby made for a more particular description of the real estate.
>
> BEING the same real estate conveyed to Scott A. Morton and Patricia C. Morton as
> tenants by the entirety with the right of survivorship as at common law by deed from
> Jerry W. Taylor, Sr. and Judy T. Taylor dated August 27, 2007 and recorded
> simultaneously herewith

3.   The Debtor has been approved for a loan modification with JP Morgan Chase Bank, N.A..

4.   Upon information and belief, the Real Property is encumbered by a lien in favor of JP

Morgan Chase Bank, N.A., and the present unpaid principal balance according to the offered

modification agreement is approximately $295,142.23.

5.   The loan modification will include the terms below or more favorable to the Debtor:

|  | Effective Date | Principal Balance | Interest Rate | Monthly P&I Payment | Maturity Date of Loan |
|---|---|---|---|---|---|
| Before Modification | 9/12/07 | $288,077.20 | 4.00% | $1,409.40 | 10/1/2037 |
| After Modification | 11/1/2016 | $295,142.23 | 3.625% | $1,346.00 | 10/1/2046 |

**(a.)** The loan modification will decrease the Debtor's monthly mortgage payment by
approximately $63.40.
**(b.)** The Debtor filed an amended modified plan removing the mortgage arrears on or about May
25, 2016. The plan included updated Schedules I and J provided the Debtor's current income and
expenses.
**(c.)** The loan modification mortgage balance increased by approximately $7,065.03 from the
(2007) principal balance.  The increase in the principal balance is the result of fees and
compounding interest from pre-petition and post-petition payment defaults.
**(d.)** A lump sum payment is due and payable on October 1, 2046 pursuant to the Subordinate
Deed of Trust in the amount of $41,303.57.
**(e.)** The property valuation of $242,100 is based on a 2016 County tax assessment.
**(f.)** The Debtor's bankruptcy petition was filed on September  2, 2013.

6.   Debtor further requests that the Court waive application of Federal Rule of Bankruptcy

Procedure 6004(h) in the instant matter in order to facilitate the efficient closing on the loan

modification of the Real Property.

WHEREFORE, the Debtors prays that this Court enter an Order:

1.   That approves the loan modification of the Real Property with JP Morgan Chase Bank, N.A.;

2.   That waives the application of Federal Rule of Bankruptcy Procedure 6004(h) in the instant

matter;

3.   That releases the Trustee from paying any further arrears claim to JP Morgan Chase Bank,

N.A.; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted:
Scott A. Morton & Patricia C. Morton

By: /s/ Pia J. North
        Pia J. North, Esq., #29672
        Attorney for Debtors
        North Law
        5913 Harbour Park Drive
        Midlothian, VA  23112
        Phone:  (804) 739-3700
        Fax:  (804) 739-2550

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  Scott A. Morton
Patricia C. Morton                                          Case No.  13-34743
14002 Fiddlers Ridge Road                                   Chapter 13
Midlothian, VA 23112                                        Trustee: Suzanne E. Wade
Last four digits of SSN: xxx-xx-1424
Last four digits of Joint SSN:  xxx-xx-8166

**NOTICE OF MOTION**

Pia J. North, attorney for **Scott A. Morton & Patricia C. Morton** has filed a Motion for Mortgage Loan Modification after Confirmation pursuant with the Court.  The loan modification will include the terms below or more favorable to the Debtor:

|  | Effective Date | Principal Balance | Interest Rate | Monthly P&I Payment | Maturity Date of Loan |
|---|---|---|---|---|---|
| Before Modification | 9/12/07 | $288,077.20 | 4.00% | $1,409.40 | 10/1/2037 |
| After Modification | 11/1/2016 | $295,142.23 | 3.625% | $1,346.00 | 10/1/2046 |

**(a.)** The loan modification will decrease the Debtor's monthly mortgage payment by approximately $63.40.

**(b.)** The Debtor filed an amended modified plan removing the mortgage arrears on or about May 25, 2016. The plan included updated Schedules I and J provided the Debtor's current income and expenses.

**(c.)** The loan modification mortgage balance increased by approximately $7,065.03 from the (2007) principal balance.  The increase in the principal balance is the result of fees and compounding interest from pre-petition and post-petition payment defaults.

**(d.)** A lump sum payment is due and payable on October 1, 2046 pursuant to the Subordinate Deed of Trust in the amount of $41,303.57.

**(e.)** The property valuation of $242,100 is based on a 2016 County tax assessment.

**(f.)** The Debtor's bankruptcy petition was filed on September  2, 2013.

.

**<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before 21 days from November 28, 2016, you or your attorney must:

x    File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)].  If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

Clerk of Court
United States Bankruptcy Court
701 E. Broad Street, Suite 4000
Richmond, VA  23219-3515

You must also mail a copy to:

Pia J. North, Esquire                          Office of the U.S. Trustee
5913 Harbour Park Drive                    701 East Broad Street, Suite 4304
Midlothian, VA  23112                        Richmond, VA  23219-3515

Suzanne E. Wade
P.O. Box 1780
Richmond, VA  23218-1780

☐  Attend a hearing to be scheduled at a later date.  You will receive separate notice of hearing.
    **If no timely response has been filed opposing the relief requested, the court may grant
    the relief without holding a hearing.**

■  Attend the hearing on the motion (or objection) scheduled to be held on <u>December 21, 2016</u>
    at <u>10:00 a.m.</u> at United States Bankruptcy Court, 701 E. Broad Street, Suite 5100, Richmond,
    VA  23219-3515.

If you or your attorney do not take these steps, the court may decide that you do not oppose the
relief sought in the motion or objection and may enter an order granting that relief.

Date:  November 28, 2016                    /s/Pia J. North
                                            Pia J. North
                                            5913 Harbour Park Drive
                                            Midlothian, VA  23112
                                            (804) 739-3700

<u>Certificate of Service</u>

I hereby certify that I have on November 28, 2016, transmitted a true copy of the foregoing Notice and
Motion for Mortgage Loan Modification after Confirmation electronically through the Court's CM/ECF
system or by first class mail, postage pre-paid to:  the Debtors; The Chapter 13 trustee; the United States
trustee;  all parties having a lien against the property; and any creditor who has requested to receive all
notices in the case if other than by the electronic means provided for at Local Bankruptcy Rule 2002-
1(d)(3), and to all creditors and parties in interest on the mailing matrix maintained by the clerk of court, a
copy of which is attached.

                                            /s/Pia J. North
                                            Pia J. North for
                                            Scott A. Morton & Patricia C. Morton

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  Scott A. Morton
Patricia C. Morton                                          Case No.  13-34743
14002 Fiddlers Ridge Road                                   Chapter 13
Midlothian, VA 23112                                        Trustee: Suzanne E. Wade
Last four digits of SSN: xxx-xx-1424
Last four digits of Joint SSN:  xxx-xx-8166

**Summary of the Proposed Loan Modification**

|  | **Effective Date** | **Principal Balance** | **Interest Rate** | **Monthly P&I Payment** | **Maturity Date of Loan** |
|---|---|---|---|---|---|
| Before Modification | 9/12/07 | $288,077.20 | 4.00% | $1,409.40 | 10/1/2037 |
| After Modification | 11/1/2016 | $295,142.23 | 3.625% | $1,346.00 | 10/1/2046 |

■    2.  The modified loan includes future payment changes or balloon payments.  The terms  of any such future payment changes or balloon payments are: A lump sum payment is due and payable on October 1, 2046 pursuant to the Subordinate Deed of Trust in the amount of $41,303.57.

☐    3.  The modification results in a higher monthly payment.  The source(s) of the funds  used to make that payment is/are:

■    4.  The modification results in a lower monthly payment.  Choose one of the following:
    ☐    a.  The amount of future plan payments will be increased.
    ■    b.  The amount of future plan payments will not be increased.

**(a.)** The loan modification will decrease the Debtor's monthly mortgage payment by approximately $63.40.
**(b.)** The Debtor filed an amended modified plan removing the mortgage arrears on or about May 25, 2016. The plan included updated Schedules I and J provided the Debtor's current income and expenses.
**(c.)** The loan modification mortgage balance increased by approximately $7,065.03 from the (2007) principal balance.  The increase in the principal balance is the result of fees and compounding interest from pre-petition and post-petition payment defaults.
**(d.)** A lump sum payment is due and payable on October 1, 2046 pursuant to the Subordinate Deed of Trust in the amount of $41,303.57.
**(e.)** The property valuation of $242,100 is based on a 2016 County tax assessment.
**(f.)** The Debtor's bankruptcy petition was filed on September  2, 2013.

**Loan Number** ▉▉▉▉▉



**CHASE** ⬙

**Chase**
710 South Ash Street, Suite 200
MS: FHA Mod&Sub Rec   CS 07
Glendale, CO 80246-1989

October 31, 2016

**SCOTT A MORTON AND PATRICIA C MORTON**
**3425 E DELTA AVE**
**MESA, ARIZONA 85204-4013**

**Here's your Home Affordable Modification Program Agreement**

Account:                  ▉▉▉▉▉▉
Property Address:   **14002 FIDDLERS RIDGE RD**
                             **MIDLOTHIAN, VIRGINIA 23112**

Dear SCOTT A MORTON AND PATRICIA C MORTON:

We're writing about the modification of your loan as part of the Home Affordable Modification Program.

You've completed all of the requirements for a permanent modification of your loan. We've enclosed a signed copy of the Loan Modification Agreement for your records.

If you have any questions, please call us at one of the numbers below Monday through Thursday from 8 a.m. to midnight, Friday from 8 a.m. to 10 p.m. and Saturday from 8 a.m. to 1 p.m. Eastern Time.

Sincerely,

THERRESA DELGADO
Customer Assistance Specialist
Chase
1-877-496-3138 Direct number
1-866-550-5705 General number
1-800-582-0542 TTY
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-866-550-5705, de lunes a jueves de 8 a.m. a la medianoche, viernes de 8 a.m. a 10 p.m. y sábados de 8 a.m. a 1 p.m., hora del Este.

OP187 CR43862



**Loan Number** ███████

Enclosed:
- Signed Final Loan Modification Agreement

### Important Legal Information

To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

OP187 CR43862

Recording Requested By/Return To:
**JPMORGAN CHASE BANK, N.A.**
**MHA DEPARTMENT**
**780 KANSAS LANE**
**2ND FLOOR, LA4-3125**
**MONROE, LA 71203**

This Instrument Prepared By:
Lydia Fiorino
Vice President

**JPMORGAN CHASE BANK, N.A.**
**3415 VISION DRIVE**
**COLUMBUS, OHIO 43219-6009**
**(800) 848-9380**

**Tax Map Reference Number(s) or**
**Parcel Identification Number(s), if any:**
**724679240800000**

———————————— [Space Above This Line For Recording Data] ————————————

# FHA HOME AFFORDABLE MODIFICATION AGREEMENT
# (Step Two of Two-Step Documentation Process)

**FHA Case Number** ▮▮▮▮▮▮

This modification adds $7,065.03 to the current principal balance of $288,077.20, and includes capitalized interest, fees, expenses, and other amounts due under the terms of the original Mortgage/Deed of Trust/Trust Deed.  The new unpaid principal balance of the modified loan is $295,142.23.  The original principal balance of the loan that mortgage/recording taxes were previously paid was $263,900.00.

**Loan Number** ▮▮▮▮▮▮

Borrower ("I"):[1] **SCOTT A. MORTON AND PATRICIA C. MORTON**
Lender or Servicer ("Lender"/"Mortgagee"): **JPMORGAN CHASE BANK, N.A.**
"Trustee" is **PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA** Trustee (whether one or more persons) is a Virginia resident and/or a United States- or Virginia-chartered corporation whose principal office is located in Virginia. Trustee's address is **236 CLEARFIELD ANENUE, SUITE 215, VIRGINIA BEACH, VA 23462.**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
**SEPTEMBER 12, 2007**
Loan Number: ▮▮▮▮▮▮
Property Address ("Property"): **14002 FIDDLERS RIDGE RD, MIDLOTHIAN, VIRGINIA 23112**

———————————————

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466

CR43862
(page 1 of 11 pages)



Loan Number ████████

**LEGAL DESCRIPTION:**
**THE LAND REFERRED TO IS SITUATED IN THE COUNTY OF CHESTERFIELD, CITY OF MIDLOTHIAN AND STATE OF VIRGINIA, DESCRIBED AS FOLLOWS: ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO, LYING AND BEING IN CLOVER HILL DISTRICT, CHESTERFIELD COUNTY, VIRGINIA, AND DESIGNATED AS LOT 1, FIDDLERS RIDGE, AS SHOWN ON PLAT OF SUBDIVISION ENTITLE "FIDDLERS RIDGE, AS SHOWN ON PLAT OF SUBDIVISION ENTITLED "FIDDLERS RIDGE", MADE BY J.K. TIMMONS AND ASSOCIATES, P.C., ENGINEERS AND SURVEYORS, DATED AUGUST 7, 1985, RECORDED SEPTEMBER 30, 1985, IN THE CLERK'S OFFICE, CIRCUIT COURT, CHESTERFIELD COUNTY, VIRGINIA, IN PLAT BOOK 51, PAGES 3 AND 4, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE REAL ESTATE. BEING THE SAME REAL ESTATE CONVEYED TO SCOTT A. MORTON AND PATRICIA C. MORTON AS TENANTS BY THE ENTIRETY WITH RIGHT OF SURVIVORSHIP AS AT COMMON LAW BY DEED FROM JERRY W. TAYLOR, SR. AND JUDY T. TAYLOR DATED AUGUST 27, 2007 AND RECORDED SIMULTANEOUSLY HEREWITH PARCEL ID: 724679240800000**

**REFERENCE NUMBERS OF DOCUMENTS MODIFIED:**
**RECORDED SEPTEMBER 13, 2007 BOOK 7994 PAGE 0916 INSTRUMENT NO. 057136**

**Tax Parcel No: 724679240800000**

If my representations in Section 1 continue to be true in all material respects, then this FHA Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that my Mortgage and Note are governed under the applicable laws and regulations of the Federal Housing Administration ("FHA"), and this Modification Agreement is further subject to my compliance with the requirements of FHA under this modification program (the "Program") as announced from time to time.

I understand that after I sign and return two copies of this Agreement to the Lender/Mortgagee, the Lender/Mortgagee will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied and the Lender/Mortgagee has executed a counterpart of this Agreement.

1. **My Representations**. I certify, represent to Lender/Mortgagee and agree:

    A.     I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;



**Loan Number** ████████

B.    I live in the Property as my principal residence, and the Property has not been condemned;

C.    There has been no change in the ownership of the Property since I signed the Loan Documents;

D.    I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Program);

E.    Under penalty of perjury, all documents and information I have provided to Lender/Mortgagee in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F.    If Lender/Mortgagee requires me to obtain credit counseling in connection with the Program, I will do so; and

G.    I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2.    **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.    TIME IS OF THE ESSENCE under this Agreement. This means I must make all payments on or before the days that they are due;

B.    If prior to the Modification Effective Date as set forth in Section 3 the Lender/Mortgagee determines that any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender/Mortgagee will have all of the rights and remedies provided by the Loan Documents; and

C.    I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender/Mortgagee a copy of this Agreement signed by the Lender/Mortgagee, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender/Mortgagee will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

D.    I understand and agree that if I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, I am voluntarily entering into this modification for the benefits to be obtained thereby and not as a reaffirmation of the debt evidenced by the Note, and I further understand and agree, and the Lender/Mortgagee, by its execution of this Agreement also agrees, that nothing contained herein is intended to impose personal liability for the Loan in violation of such discharge.

3.    **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **NOVEMBER 01, 2016** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on **NOVEMBER 01, 2016.**

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466



**Loan Number**

A. The new Maturity Date will be: **OCTOBER 01, 2046**.

B. The modified principal balance of my Note may include amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender/Mortgagee but not previously credited to my Loan. The new principal balance of my Note will be **$295,142.23** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of **3.625%** will begin to accrue on the New Principal Balance as of **OCTOBER 01, 2016** and the first new monthly payment on the New Principal Balance will be due on **NOVEMBER 01, 2016**. My payment schedule for the modified loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins on | Number of Monthly Payments |
|-------|---------------|---------------------------|----------------------------------------------|------------------------------------------|------------------------|-------------------|----------------------------|
| 1-30 | 3.625% | 10/01/2016 | $1,346.00 | $414.04 May adjust periodically | $1,760.04 May adjust periodically | 11/01/2016 | 360 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46     WF466

CR43862
*(page 4 of 11 pages)*



Loan Number ▮▮▮▮▮▮▮

feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. The full Deferred Principal Balance and any other amounts still due under the Loan Documents will be due by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the New Maturity Date.

4.    **Additional Agreements**. I agree to the following:

A. If my loan is a daily simple interest loan or an average daily balance loan, I understand and agree that interest will accrue daily and payments will be applied as of the date received by the Lender according to the terms of the Loan Documents. Interest accrues by applying the ratio of the annual interest rate over the number of days in the year (365 or 366 in a leap year), multiplied by the principal balance, multiplied by the actual number of days the principal balance is outstanding. All payment amounts specified in this Agreement assume that all payments will be made on the payment due date throughout the life of the loan. If I pay before or after the payment due date, the amount of interest will vary and, if my payment is an amortizing payment, the amount allocated between interest and principal will vary. For example, if I pay a monthly amortizing payment after the due date, more of the payment will go toward interest and less toward the principal. As a result, the principal may be reduced more slowly over the term of the loan, and there could still be a principal balance due at the maturity date of the loan. All accrued and unpaid interest will be applied before any amounts are applied toward principal. Notwithstanding any scheduled payment shown in this Agreement, at any scheduled interest rate adjustment date, my monthly payment will be adjusted to an amount necessary to repay the remaining unpaid balance as of the interest rate adjustment date in substantially equal monthly installments of principal and interest over the remaining term of the loan, assuming I pay on the due date. Lender will not accept multiple monthly payments in advance of their due date.

B. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender/Mortgagee has waived this requirement in writing.

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466



**Loan Number** ▮▮▮▮▮

C. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender/Mortgagee.

D. To comply, except to the extent that they are modified by this Agreement, or by the U.S. Bankruptcy Code, with all covenants, agreements, and requirements of FHA in connection with the Program, and the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

E. If under applicable law, a servicer may not establish an escrow account for the subject mortgage loan.

F. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms.

G. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, or by the U.S. Bankruptcy Code, the Lender/Mortgagee and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's/Mortgagee's prior written consent, Lender/Mortgagee may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender/Mortgagee shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender/Mortgagee exercises this option, Lender/Mortgagee shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by the Mortgage will come due. If payment of these sums is not made prior to the expiration of this period, Lender/Mortgagee may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I. That, as of the Modification Effective Date, I understand that the Lender/Mortgagee will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

J. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

K. That, I will cooperate fully with Lender/Mortgagee in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's/Mortgagee's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender/Mortgagee does not receive such title endorsement(s), title insurance

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466

CR43862
*(page 6 of 11 pages)*



Loan Number ▮▮▮▮▮▮▮

product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

L. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

M. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, 1-888-679-MERS (1-888-679-6377). In cases where the loan has been registered with MERS, who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender/Mortgagee and Lender's/Mortgagee's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender/Mortgagee including, but not limited to, releasing and canceling the mortgage loan.

N. That Lender/Mortgagee will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification Agreement by Lender/Mortgagee to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

O. I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's/Mortgagee's request to execute, acknowledge, initial and deliver to the Lender/Mortgagee any documentation the Lender/Mortgagee deems necessary. If the original promissory note is replaced, the Lender/Mortgagee hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender/Mortgagee requests of me under this Section 4. O. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's/Mortgagee's written request for such replacement. This Agreement may be executed in multiple counterparts.

P. That, if I am in bankruptcy upon execution of this document, I will cooperate fully with Lender in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. I understand that if such approvals are not received,

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46   WF466



**Loan Number**

then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect and such terms shall not be modified by this Agreement.

Q.  If I receive a separate notice from Lender/Mortgagee that I am required to attend additional debt management counseling, I agree to promptly attend such counseling and provide evidence of attendance to Lender/Mortgagee upon request.

R.  I acknowledge and agree that if the Lender/Mortgagee executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

**FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466**



**Loan Number** ███████

### TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And SCOTT A. MORTON AND PATRICIA C. MORTON, LOAN NUMBER ███████ WITH A MODIFICATION EFFECTIVE DATE OF November 01, 2016

In Witness Whereof, the Borrower(s) have executed this agreement.

Date: _10_ , _8_ , _16_

Borrower    SCOTT A. MORTON
**(Must Be Signed Exactly as Printed)**

Date: _10_ , _8_ , _16_

Borrower    PATRICIA C. MORTON
**(Must Be Signed Exactly as Printed)**

State of **VIRGINIA**
County of _Chesterfield_
Enter County Here

The foregoing instrument was acknowledged before me this ___8___ day of _October_ ,
_2016_ by **SCOTT A. MORTON and PATRICIA C. MORTON.**

_Shobha R Modi_
(Signature of person taking acknowledgment)

[SEAL]

SHOBHA R. MODI
NOTARY PUBLIC
REG. #351931
MY COMMISSION EXPIRES
08/31/17
COMMONWEALTH OF VIRGINIA

Title or rank:  Notary Public

My Commission expires: _Aug. 31, 2017_

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466

CR43862
(page 9 of 11 pages)



**Loan Number**   ▮▮▮▮▮

**TO BE SIGNED BY LENDER/MORTGAGEE ONLY**

**LENDER/MORTGAGEE** SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT
BETWEEN JPMORGAN CHASE BANK, N.A. And SCOTT A. MORTON AND PATRICIA C. MORTON,
LOAN NUMBER ▮▮▮▮▮ WITH A MODIFICATION EFFECTIVE DATE OF November 01, 2016

In Witness Whereof, the Lender/Mortgagee has executed this Agreement.

Lender/Mortgagee

**JPMORGAN CHASE BANK, N.A.**

By: _____

Printed Name:    **Ashley Griffiths**
**Vice President**

Date: 10·31·16 _____



Loan Number

State of MICHIGAN
County of OAKLAND

Acknowledged by _____ **Ashley Griffiths**_____ , Vice President of JPMORGAN CHASE
BANK, N.A., a national banking association before me on the _31_ day of
_____ _2016_

Signature _____

Printed name _____ **Delana Reaves** _____

Notary public, State of MICHIGAN, County of __**MACOMB**__

My commission expires __DEC 1 7 2019__

Acting in the County of OAKLAND

DELANA REAVES
Notary Public, State Of Michigan
County of Macomb
My Commission Expires Dec. 17, 2019
Acting in the County of _Oakland_

**FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466**

Recording Requested By/Return To:
**JPMORGAN CHASE BANK, N.A.**
**MHA DEPARTMENT**
**780 KANSAS LANE**
**2ND FLOOR, LA4-3125**
**MONROE, LA 71203**

This Instrument Prepared By:

Lydia Fiorino
Vice President

**JPMORGAN CHASE BANK, N.A.**
**3415 VISION DRIVE**
**COLUMBUS, OHIO 43219-6009**
**(800) 848-9380**

Tax Map Reference Number(s) or
Parcel Identification Number(s), if any:
**724679240800000**

———————————— [Space Above This Line For Recording Data] ————————————

# FHA HOME AFFORDABLE MODIFICATION AGREEMENT
## (Step Two of Two-Step Documentation Process)

FHA Case Number ▮▮▮▮▮▮▮

This modification adds $7,065.03 to the current principal balance of $288,077.20, and includes capitalized interest, fees, expenses, and other amounts due under the terms of the original Mortgage/Deed of Trust/Trust Deed. The new unpaid principal balance of the modified loan is $295,142.23. The original principal balance of the loan that mortgage/recording taxes were previously paid was $263,900.00.

Loan Number ▮▮▮▮▮▮▮

Borrower ("I"):[1] **SCOTT A. MORTON AND PATRICIA C. MORTON**
Lender or Servicer ("Lender"/"Mortgagee"): **JPMORGAN CHASE BANK, N.A.**
"Trustee" is **PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA** Trustee (whether one or more persons) is a Virginia resident and/or a United States- or Virginia-chartered corporation whose principal office is located in Virginia. Trustee's address is **236 CLEARFIELD ANENUE, SUITE 215, VIRGINIA BEACH, VA 23462.**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
**SEPTEMBER 12, 2007**
Loan Number: ▮▮▮▮▮▮
Property Address ("Property"): **14002 FIDDLERS RIDGE RD, MIDLOTHIAN, VIRGINIA 23112**

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46   WF466

CR43862
(page 1 of 11 pages)



Loan Number [REDACTED]

**LEGAL DESCRIPTION:**
THE LAND REFERRED TO IS SITUATED IN THE COUNTY OF CHESTERFIELD, CITY OF
MIDLOTHIAN AND STATE OF VIRGINIA, DESCRIBED AS FOLLOWS: ALL THAT CERTAIN LOT,
PIECE OR PARCEL OF LAND WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES
THERETO, LYING AND BEING IN CLOVER HILL DISTRICT, CHESTERFIELD COUNTY,
VIRGINIA, AND DESIGNATED AS LOT 1, FIDDLERS RIDGE, AS SHOWN ON PLAT OF
SUBDIVISION ENTITLE "FIDDLERS RIDGE, AS SHOWN ON PLAT OF SUBDIVISION ENTITLED
"FIDDLERS RIDGE", MADE BY J.K. TIMMONS AND ASSOCIATES, P.C., ENGINEERS AND
SURVEYORS, DATED AUGUST 7, 1985, RECORDED SEPTEMBER 30, 1985, IN THE CLERK'S
OFFICE, CIRCUIT COURT, CHESTERFIELD COUNTY, VIRGINIA, IN PLAT BOOK 51, PAGES 3
AND 4, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR
DESCRIPTION OF THE REAL ESTATE. BEING THE SAME REAL ESTATE CONVEYED TO
SCOTT A. MORTON AND PATRICIA C. MORTON AS TENANTS BY THE ENTIRETY WITH RIGHT
OF SURVIVORSHIP AS AT COMMON LAW BY DEED FROM JERRY W. TAYLOR, SR. AND JUDY
T. TAYLOR DATED AUGUST 27, 2007 AND RECORDED SIMULTANEOUSLY HEREWITH
PARCEL ID: 724679240800000

**REFERENCE NUMBERS OF DOCUMENTS MODIFIED:**
RECORDED SEPTEMBER 13, 2007 BOOK 7994 PAGE 0916 INSTRUMENT NO. 057136

**Tax Parcel No: 724679240800000**

If my representations in Section 1 continue to be true in all material respects, then this FHA Home
Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and
supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The
Mortgage and Note together, as they may previously have been amended, are referred to as the
"Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given
to them in Loan Documents.

I understand that my Mortgage and Note are governed under the applicable laws and regulations of
the Federal Housing Administration ("FHA"), and this Modification Agreement is further subject to my
compliance with the requirements of FHA under this modification program (the "Program") as
announced from time to time.

I understand that after I sign and return two copies of this Agreement to the Lender/Mortgagee, the
Lender/Mortgagee will send me a signed copy of this Agreement. This Agreement will not take effect
unless the preconditions set forth in Section 2 have been satisfied and the Lender/Mortgagee has
executed a counterpart of this Agreement.

1.   **My Representations**. I certify, represent to Lender/Mortgagee and agree:

    A.   I am experiencing a financial hardship, and as a result, (i) I am in default under the
Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid
assets to make the monthly mortgage payments now or in the near future;

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46   WF466

CR43862
*(page 2 of 11 pages)*



**Loan Number** █████████

B.   I live in the Property as my principal residence, and the Property has not been condemned;

C.   There has been no change in the ownership of the Property since I signed the Loan Documents;

D.   I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Program);

E.   Under penalty of perjury, all documents and information I have provided to Lender/Mortgagee in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F.   If Lender/Mortgagee requires me to obtain credit counseling in connection with the Program, I will do so; and

G.   I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2.   **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.   TIME IS OF THE ESSENCE under this Agreement. This means I must make all payments on or before the days that they are due;

B.   If prior to the Modification Effective Date as set forth in Section 3 the Lender/Mortgagee determines that any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender/Mortgagee will have all of the rights and remedies provided by the Loan Documents; and

C.   I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender/Mortgagee a copy of this Agreement signed by the Lender/Mortgagee, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender/Mortgagee will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

D.   I understand and agree that if I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, I am voluntarily entering into this modification for the benefits to be obtained thereby and not as a reaffirmation of the debt evidenced by the Note, and I further understand and agree, and the Lender/Mortgagee, by its execution of this Agreement also agrees, that nothing contained herein is intended to impose personal liability for the Loan in violation of such discharge.

3.   **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **NOVEMBER 01, 2016** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on **NOVEMBER 01, 2016.**

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466

CR43862
*(page 3 of 11 pages)*



**Loan Number** ▬▬▬▬

A. The new Maturity Date will be: **OCTOBER 01, 2046.**

B. The modified principal balance of my Note may include amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender/Mortgagee but not previously credited to my Loan. The new principal balance of my Note will be **$295,142.23** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of **3.625%** will begin to accrue on the New Principal Balance as of **OCTOBER 01, 2016** and the first new monthly payment on the New Principal Balance will be due on **NOVEMBER 01, 2016.** My payment schedule for the modified loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-30 | 3.625% | 10/01/2016 | $1,346.00 | $414.04 May adjust periodically | $1,760.04 May adjust periodically | 11/01/2016 | 360 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466

CR43862
(page 4 of 11 pages)



**Loan Number** ▮▮▮▮▮▮

feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.  If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F.  The full Deferred Principal Balance and any other amounts still due under the Loan Documents will be due by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the New Maturity Date.

4.  **Additional Agreements**. I agree to the following:

A.  If my loan is a daily simple interest loan or an average daily balance loan, I understand and agree that interest will accrue daily and payments will be applied as of the date received by the Lender according to the terms of the Loan Documents. Interest accrues by applying the ratio of the annual interest rate over the number of days in the year (365 or 366 in a leap year), multiplied by the principal balance, multiplied by the actual number of days the principal balance is outstanding. All payment amounts specified in this Agreement assume that all payments will be made on the payment due date throughout the life of the loan. If I pay before or after the payment due date, the amount of interest will vary and, if my payment is an amortizing payment, the amount allocated between interest and principal will vary. For example, if I pay a monthly amortizing payment after the due date, more of the payment will go toward interest and less toward the principal. As a result, the principal may be reduced more slowly over the term of the loan, and there could still be a principal balance due at the maturity date of the loan. All accrued and unpaid interest will be applied before any amounts are applied toward principal. Notwithstanding any scheduled payment shown in this Agreement, at any scheduled interest rate adjustment date, my monthly payment will be adjusted to an amount necessary to repay the remaining unpaid balance as of the interest rate adjustment date in substantially equal monthly installments of principal and interest over the remaining term of the loan, assuming I pay on the due date. Lender will not accept multiple monthly payments in advance of their due date.

B.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender/Mortgagee has waived this requirement in writing.

**FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46   WF466**



**Loan Number**

C. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender/Mortgagee.

D. To comply, except to the extent that they are modified by this Agreement, or by the U.S. Bankruptcy Code, with all covenants, agreements, and requirements of FHA in connection with the Program, and the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

E. If under applicable law, a servicer may not establish an escrow account for the subject mortgage loan.

F. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms.

G. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, or by the U.S. Bankruptcy Code, the Lender/Mortgagee and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's/Mortgagee's prior written consent, Lender/Mortgagee may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender/Mortgagee shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender/Mortgagee exercises this option, Lender/Mortgagee shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by the Mortgage will come due. If payment of these sums is not made prior to the expiration of this period, Lender/Mortgagee may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I. That, as of the Modification Effective Date, I understand that the Lender/Mortgagee will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan.  Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

J. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

K. That, I will cooperate fully with Lender/Mortgagee in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's/Mortgagee's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender/Mortgagee does not receive such title endorsement(s), title insurance



Loan Number ███████

product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

L.   That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

M.   Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, 1-888-679-MERS (1-888-679-6377). In cases where the loan has been registered with MERS, who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender/Mortgagee and Lender's/Mortgagee's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender/Mortgagee including, but not limited to, releasing and canceling the mortgage loan.

N.   That Lender/Mortgagee will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification Agreement by Lender/Mortgagee to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

O.   I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's/Mortgagee's request to execute, acknowledge, initial and deliver to the Lender/Mortgagee any documentation the Lender/Mortgagee deems necessary. If the original promissory note is replaced, the Lender/Mortgagee hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender/Mortgagee requests of me under this Section 4. O. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's/Mortgagee's written request for such replacement. This Agreement may be executed in multiple counterparts.

P.   That, if I am in bankruptcy upon execution of this document, I will cooperate fully with Lender in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. I understand that if such approvals are not received,



**Loan Number** ▬▬▬▬

then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect and such terms shall not be modified by this Agreement.

Q. If I receive a separate notice from Lender/Mortgagee that I am required to attend additional debt management counseling, I agree to promptly attend such counseling and provide evidence of attendance to Lender/Mortgagee upon request.

R. I acknowledge and agree that if the Lender/Mortgagee executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

(SIGNATURES CONTINUE ON FOLLOWING PAGES)



Loan Number ▬▬▬

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And SCOTT A. MORTON AND PATRICIA C. MORTON, LOAN NUMBER ▬▬▬ WITH A MODIFICATION EFFECTIVE DATE OF November 01, 2016

In Witness Whereof, the Borrower(s) have executed this agreement.

_____    Date: _10_,_8_,_16_
Borrower - **SCOTT A. MORTON**
(Must Be Signed Exactly as Printed)

_____    Date: _10_,_8_,_16_
Borrower - **PATRICIA C. MORTON**
(Must Be Signed Exactly as Printed)

State of **VIRGINIA**
County of _Chesterfield_
          Enter County Here

The foregoing instrument was acknowledged before me this ___8___ day of _October_,
_2016_ by **SCOTT A. MORTON** and **PATRICIA C. MORTON**.

_____
(Signature of person taking acknowledgment)

[SEAL]

SHOBHA R. MODI
NOTARY
PUBLIC
REG. #351931
MY COMMISSION
EXPIRES
08/31/17
COMMONWEALTH OF VIRGINIA

Title or rank: Notary Public

My Commission expires: _August 31, 2017_

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466

CR43862
(page 9 of 11 pages)



**Loan Number**

### TO BE SIGNED BY LENDER/MORTGAGEE ONLY

**LENDER/MORTGAGEE** SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And SCOTT A. MORTON AND PATRICIA C. MORTON, LOAN NUMBER ███████ WITH A MODIFICATION EFFECTIVE DATE OF November 01, 2016

In Witness Whereof, the Lender/Mortgagee has executed this Agreement.

Lender/Mortgagee

**JPMORGAN CHASE BANK, N.A.**

By: _____

Printed Name:        Ashley Griffiths
                     Vice President

Date: _10·31·16_____

FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466

CR43862
*(page 10 of 11 pages)*



**Loan Number** ▌

State of MICHIGAN
County of OAKLAND

Acknowledged by _____**Ashley Griffiths**_____, Vice President of JPMORGAN CHASE
BANK, N.A., a national banking association before me on the _31_ day of
_____Oct_____ 2016

Signature _____

Printed name **Delana Reaves**_____

Notary public, State of MICHIGAN, County of **MACOMB**_____

My commission expires **DEC 1 7 2019**_____

Acting in the County of OAKLAND

```
DELANA REAVES
Notary Public, State Of Michigan
County of Macomb
My Commission Expires Dec. 17, 2019
Acting in the County of Oakland
```

**FHA/HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011 ver. 09_23_2016_23_01_46    WF466**

**CR43862**
*(page 11 of 11 pages)*

Recording Requested By/Return To:
**JPMORGAN CHASE BANK, N.A.**
**MHA DEPARTMENT**
**780 KANSAS LANE**
**2ND FLOOR, LA4-3125**
**MONROE, LA 71203**

This Instrument Prepared By:

### Lydia Fiorino
Vice President

**JPMORGAN CHASE BANK, N.A.**
**3415 VISION DRIVE**
**COLUMBUS, OHIO 43219-6009**
**(800) 848-9380**

**Tax Map Reference Number(s) or**
**Parcel Identification Number(s), if any:**
**724679240800000**

———————————————— [Space Above This Line For Recording Data] ————————————————

## SUBORDINATE DEED OF TRUST

**FHA Case Number** ███████████

This SUBORDINATE DEED OF TRUST ("Security Instrument") is given on SEPTEMBER 27, 2016.

The Grantor(s) are SCOTT A. MORTON AND PATRICIA C. MORTON whose address is 14002 FIDDLERS RIDGE RD, MIDLOTHIAN, VIRGINIA 23112 (Borrower).

The Trustee is PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA (Trustee). Trustee is a resident of the Commonwealth of Virginia, whose full residence or business address is 236 CLEARFIELD ANENUE, SUITE 215, VIRGINIA BEACH, VA 23462.

The Beneficiary is the Secretary of the U.S. Department of Housing and Urban Development, whose address is U.S. Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street Southwest, Washington, DC 20410 (Lender/Mortgagee). The Borrower owes the Lender/Mortgagee the principal sum of FORTY-ONE THOUSAND THREE HUNDRED THREE AND 57/100THS (U.S. $41,303.57).

This debt is evidenced by the Borrower's Note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier due and payable on OCTOBER 01, 2046.



This Security Instrument secures to the Lender/Mortgagee: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of the Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, the Borrower does hereby mortgage, warrant, grant and convey to the Trustee, in trust, with power of sale the following described property located in CHESTERFIELD County, VIRGINIA:

LEGAL DESCRIPTION:
THE LAND REFERRED TO IS SITUATED IN THE COUNTY OF CHESTERFIELD, CITY OF MIDLOTHIAN AND STATE OF VIRGINIA, DESCRIBED AS FOLLOWS: ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO, LYING AND BEING IN CLOVER HILL DISTRICT, CHESTERFIELD COUNTY, VIRGINIA, AND DESIGNATED AS LOT 1, FIDDLERS RIDGE, AS SHOWN ON PLAT OF SUBDIVISION ENTITLE "FIDDLERS RIDGE, AS SHOWN ON PLAT OF SUBDIVISION ENTITLED "FIDDLERS RIDGE", MADE BY J.K. TIMMONS AND ASSOCIATES, P.C., ENGINEERS AND SURVEYORS, DATED AUGUST 7, 1985, RECORDED SEPTEMBER 30, 1985, IN THE CLERK'S OFFICE, CIRCUIT COURT, CHESTERFIELD COUNTY, VIRGINIA, IN PLAT BOOK 51, PAGES 3 AND 4, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE REAL ESTATE. BEING THE SAME REAL ESTATE CONVEYED TO SCOTT A. MORTON AND PATRICIA C. MORTON AS TENANTS BY THE ENTIRETY WITH RIGHT OF SURVIVORSHIP AS AT COMMON LAW BY DEED FROM JERRY W. TAYLOR, SR. AND JUDY T. TAYLOR DATED AUGUST 27, 2007 AND RECORDED SIMULTANEOUSLY HEREWITH PARCEL ID: 724679240800000
Tax Parcel No: 724679240800000

which has the address of 14002 FIDDLERS RIDGE RD, MIDLOTHIAN, VIRGINIA 23112, ("Property Address");

TOGETHER WITH all the improvement now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

**Borrower Covenants** that the Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that Property is unencumbered, except for encumbrances of record. The Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

**This Security Instrument** combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

The Borrower and the Lender/Mortgagee covenant agree as follows:

**UNIFORM COVENANTS.**

CR42439
FM119
*(page 2 of 5 pages)*



1. **Payment of Principal.** The Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance by Lender/Mortgagee Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by the Lender/Mortgagee to any Successor in interest of the Borrower shall not operate to release the liability of the original Borrower or the Borrower's successor in interest. The Lender/Mortgagee shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or the Borrower's successors in interest. Any forbearance by the Lender/Mortgagee in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of the Lender/Mortgagee and the Borrower. The Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that the Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that the Lender/Mortgagee and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to the Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address the Borrower designates by notice to the Lender/Mortgagee. Any notice to the Lender/Mortgagee shall be given by first class mail to: U.S. Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street Southwest, Washington, DC 20410 or any address the Lender/Mortgagee designates by notice to the Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to the Borrower or the Lender/Mortgagee when given as provided in this Paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal Law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.** The Borrower shall be given one copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** The Borrower and the Lender/Mortgagee further covenant and agree as follows;

CR42439
FM119
*(page 3 of 5 pages)*

FHA  Subordinate Security Instrument



**7. Acceleration; Remedies. Lender/Mortgagee shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of sums secured by this Security Instrument and sale of the Property. The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender/Mortgagee, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender/Mortgagee shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph, including but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If the Lender's/Mortgagee's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 7 of the Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act")(12U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender/Mortgagee under this Paragraph or applicable law.**

**8. Release.** Upon payment of all sums secured by this Security Instrument, Lender/Mortgagee shall request Trustee to cancel this Security Instrument and shall surrender all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**9. Substitute Trustee.** Lender/Mortgagee, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**10. Identification of Note.** The Note is identified by a certificate on the Note executed by any Notary Public who certifies an acknowledgment hereto.

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

BY SIGNING BELOW, the Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by the Borrower and recorded with it.

_____[Space Below This Line For Borrower Acknowledgement]_____

CR42439
FM119
*(page 4 of 5 pages)*

FHA Subordinate Security Instrument



Borrower - SCOTT A. MORTON                          Date: 10, 8, 16
(Must Be Signed Exactly as Printed)

Borrower - PATRICIA C. MORTON                        Date: 10, 8, 16
(Must Be Signed Exactly as Printed)

State of **VIRGINIA**
County of _Chesterfield_
            Enter County Here

The foregoing instrument was acknowledged before me this ___8___ day of _October_,
_2016_ by **SCOTT A. MORTON AND PATRICIA C. MORTON**.

                                          _Shobha R Modi_
                                          (Signature of person taking acknowledgment)

[SEAL]                                    Title or rank:  Notary Public

                                          My Commission expires: _August 31, 2017_

**SHOBHA R. MODI**
NOTARY
PUBLIC
REG. #351931
MY COMMISSION
EXPIRES
08/31/17
COMMONWEALTH OF VIRGINIA

FHA  Subordinate Security Instrument

## SUBORDINATE NOTE

FHA Case Number 

SEPTEMBER 27, 2016

14002 FIDDLERS RIDGE RD, MIDLOTHIAN, VIRGINIA 23112

### 1. PARTIES

"Borrower" means each person signing at the end of this Note and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of the U.S. Department of Housing and Urban Development and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY

In return for a loan received from the Lender, the Borrower promises to pay the principal sum of FORTY-ONE THOUSAND THREE HUNDRED THREE AND 57/100THS (U.S. $41,303.57), to the order of the Lender.

### 3. PROMISE TO PAY SECURED

The Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if the Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

#### (A) Time

On OCTOBER 01, 2046, or if earlier, when the first of the following events occurs:

(I) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii) The maturity date of primary Note has been accelerated, or

(iii) The Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

#### (B) Place

Payment shall be made at the **Office of the Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410** or any such other place as the Lender may designate in writing by notice to the Borrower.



## 5. BORROWER'S RIGHT TO PREPAY

The Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge of penalty. If the Borrower makes a partial prepayment, there will be no changes in the due date unless the Lender agrees in writing to those changes.

## 6. WAIVERS

The Borrowers and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all signatories together. Any person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, the Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ Date: _10_ , _8_ , _16_

Borrower - SCOTT A MORTON

_____ Date: _10_ , _8_ , _16_

Borrower - PATRICIA C MORTON


This is to certify that this is the Note described in and secured by a Deed of Trust dated September 12, 2007, on the Property located in MIDLOTHIAN, Virginia.

My Commission Expires: _Aug. 31, 2017_ _____

Notary Public



SHOBHA R. MODI
NOTARY PUBLIC
REG. #351931
MY COMMISSION EXPIRES
08/31/17
COMMONWEALTH OF VIRGINIA

CR46511
FM115
Page 2 of 2

Subordinate Note

# Document Correction Agreement
## ("Agreement")

Loan Number: ████████ (the "Loan")

**Agreement to Correct Misstated Documents and to Provide Additional Documentation:**
In consideration of JPMorgan Chase Bank, N.A. as Servicing Agent ("Chase") completing the
Federal Housing Administration (FHA) Home Affordable Modification Program (HAMP) workout
on the Loan (the "Workout"), as requested by the undersigned ("Borrower"), and regardless of
the reason for any loss, misplacement or inaccuracy in any document prepared in connection
with the Workout, the Borrower agrees as follows: If any document is lost, misplaced, misstated
or inaccurately reflects the true and correct terms and conditions of the Workout, upon request
of Chase, the Borrower will comply with Chase's request to execute, acknowledge, and deliver
to Chase any documentation ("Replacement Documents") Chase deems necessary to replace
or correct the lost, misplaced, misstated or inaccurate document(s). The Borrower agrees to
deliver the Replacement Documents within ten (10) days after receipt by the Borrower of a
written request for such replacement. If the Borrower fails or refuses to execute, acknowledge,
and deliver the Replacement Documents to Chase more than ten (10) days after being
requested to do so by Chase, the Borrower shall be liable for any and all loss or damage which
Chase reasonably sustains thereby, including, but not limited to, all reasonable attorney's fees
and costs incurred by Chase. In addition, Chase may elect to declare the Workout null and void
in which case the Loan shall be payable at the rate and on the terms as existed prior to the
Workout. Any funds received by Chase in conjunction with the Workout shall be retained by
Chase and applied to the Loan as determined by Chase in its discretion.



Date: _10 , 8 , 16_

SCOTT A MORTON

Date: _10 , 8 , 16_

PATRICIA C MORTON

Label Matrix for local noticing
0422-3
Case 13-34743-KLP
Eastern District of Virginia
Richmond
Mon Nov 28 10:53:44 EST 2016

JPMorgan Chase Bank, National Association
c/o BWW Law Group, LLC
8100 Three Chopt Rd
Suite 240
Richmond, VA 23229-4833

SANTANDER CONSUMER USA
PO BOX 560284
DALLAS, TX 75356-0284

United States Bankruptcy Court
701 East Broad Street
Richmond, VA 23219-1888

American InfoSource LP as agent for
Verizon
PO Box 248838
Oklahoma City, OK  73124-8838

Bk Of Amer
4060 Ogletown/Stanton Rd
Newark, DE 19713

CR Evergreen III, LLC
3434 25th Ave W. Suite 302
Seattle, WA 98199-2229

Calvary Portfolio Services
Attn: Bankruptcy Dept
Po Box 1017
Hawthorne, NY 10532-7504

Cap One
26525 N Riverwoods Blvd
Mettawa, IL 60045-3439

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-1340

Chase
Po Box 24696
Columbus, OH 43224-0696

(p)COMCAST
676 ISLAND POND RD
MANCHESTER NH 03109-4840

Commonwealth of VA-Tax
P.O. Box 2156
Richmond, VA 23218-2156

Credit One Bank
Po Box 98875
Las Vegas, NV 89193-8875

Eastern Account System
75 Glen Rd Ste 110
Sandy Hook, CT 06482-1175

HSBC Bank Nevada, N.A.
3936 E. Ft. Lowell Rd; #200
Tucson, AZ 85712-1083

Internal Revenue Service
Insolvency Unit
Post Office Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, National Association
Attn: Correspondence Mail, Chase Records
700 Kansas Lane, Mail Code LA4-5555
Monroe, LA 71203-4774

North & Associates, PC
Pia J. North
5913 Harbour Park Drive
Midlothian, VA 23112-2163

Orchard Bank
Post Office Box 19266
Portland, OR 97280-0266

Rac Acceptance
5501 Headquarters Dr
Plano, TX 75024-5837

SANTANDER CONSUMER USA
P.O. BOX 961245
Fort Worth, TX 76161-0244

Sallie Mae
11100 Usa Pkwy
Fishers, IN 46037-9203

Sallie Mae Inc. on behalf of ECMC
Po Box 16408
St. Paul, MN. 55116-0408

Santander Consumer USA Inc.;
as Assignee for Santander
P.O. Box 961245
Fort Worth, TX 76161-0244

Santander Consumer Usa
Po Box 961245
Ft Worth, TX 76161-0244

U. S. Department of Housing and Urban Develo
c/o Novad Management Consulting, LLC
Shepherd's Mall
2401 NW 23rd St., Suite A1
Oklahoma City, OK 73107-2423

(p)ROBERT P MCINTOSH
U S ATTORNEY S OFFICE
EASTERN DISTRICT OF VIRGINIA
919 E MAIN ST SUITE 1900
RICHMOND VA 23219-4625

Verizon
500 Technology Dr Ste 30
Weldon Spring, MO 63304-2225

Wells Fargo Bank, N.A.
P.O. Box 19657
Irvine, CA 92623-9657

Wfds/Wds
Po Box 1697
Winterville, NC 28590-1697

Patricia C. Morton
14002 Fiddlers Ridge Road
Midlothian, VA 23112-2518

Pia J. North
North Law
5913 Harbour Park Drive
Midlothian, VA 23112-2163

Scott A. Morton
14002 Fiddlers Ridge Road
Midlothian, VA 23112-2518

Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comcast
P.O. Box 3005
Southeastern, PA 19398

U.S. Attorney's Office
600 E. Main Street, 18th Floor
Richmond, VA 23219

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)U. S. Department of Housing and Urban Deve

(d)SANTANDER CONSUMER USA
P.O. BOX 560284
DALLAS, TX 75356-0284

End of Label Matrix
Mailable recipients      34
Bypassed recipients       2
Total                    36